○

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 14-0102 DOC (RNBx)          Date: January 23, 2014

Title: SHAPIRO-GILMAN-SHANDLER CO., INC. V. SUPER IRVINE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING ACCELERATED BRIEFING ON PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's ex parte application for temporary injunctive relief (Dkt. 3). Plaintiff requests a temporary restraining order and preliminary injunctive relief to prevent Defendants from dissipating trust assets Plaintiff claims under Perishable Agricultural Commodities Act (PACA), 7 USC § 499a *et seq*.

     I.      Background

Plaintiff claims that Defendants owe Plaintiff roughly $72,000 in unpaid invoices for perishable commodities supplied by Plaintiff in 2013. Efforts to reach an agreement for repayment were unsuccessful. Plaintiff now asks the Court to grant the ex parte TRO to prevent Defendants from dissipating the trust assets.

     II.      Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0102 (RNBx)　　　　　　　　　　　　　　　　Date: January 23, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

　　　　PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.),* 958 F.2d 938, 939 (9th Cir.1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.),* 947 F.2d 1351, 1352 (9th Cir.1991).

　　　　The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n. 2 (1977). "In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1322 (N.D. Cal. June 7, 1995) (citing *Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir.1987)); *Alliance for the Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049 (9th Cir. 2010). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." *Big Country Foods, Inc. v. Board of Educ. of the Anchorage School Dist.,* 868 F.2d 1085, 1088 (9th Cir.1989).

　　　　Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

　　　　III.　　Discussion

　　　　It appears that the Plaintiff has made a strong case for injunctive relief. Generally, evidence of financial instability is sufficient to show irreparable harm in the PACA context. *See See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 135 (3d Cir.2000); *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 155 (11th Cir.1990); *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Mkt., Inc.*, No. 08-1518, 2008 WL 1885738, at *2 (N.D. Cal. Apr. 24, 2008); *Inn Foods Inc. v. Turner Mead LLC*, No. 07-00649, 2007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0102 (RNBx)　　　　　　　　　　　　　Date: January 23, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

WL 484781, at *1 (N.D. Cal. Feb. 9, 2007). However, to justify a temporary restraining order without notice, they must satisfy the requirements of Rule 65(b).

　　　Plaintiff's attorney states in his deposition that he did contact one of the defendants to inform him of the TRO. This defendant apparently acknowledged the suit, and stated that Super Irvine wished to pay but needed a longer installment plan. *See* Read Decl. ¶ 5. This discussion occurred approximately 24 hours before Plaintiff filed the TRO request. *Id*. Plaintiff filed this request ex parte, however, asking the Court to decide the issue without any input from Defendants. Certainly Defendants could not preemptively file a response before Plaintiff filed the initial documents. The Court therefore continues to consider the request ex parte and without notice for purposes of Rule 65.

　　　The Court finds that Plaintiff has not shown that Defendants should not be provided notice and an opportunity to respond. Plaintiff states generally that giving notice will result in further dissipation of the trust assets through payment of other debts, but there are no specific facts that suggest to the Court that Defendants are likely to take such action. *See Patterson Vegetable Co., LLC v. Superior Foods, Inc.*, No. 12-CV-05286, 2012 WL 5413467, at *4 (N.D. Cal. Nov. 6, 2012); *ASA Farms, Inc. v. Fresh 'N Healthy, Inc.*, C08-00122, 2008 WL 115009 (N.D. Cal. Jan. 10, 2008).

　　　Because Plaintiff failed to satisfy the requirements of Rule 65(b), the ex parte application for a TRO is therefore DENIED without prejudice.

　　　However, Plaintiff has made a strong showing sufficient to accelerate the hearing on Plaintiff's motion for preliminary injunction. The Court therefore schedules a hearing on the motion for **February 3, 2014, at 8:30 a.m.** Plaintiff is directed to serve Defendants with their filings in this case, as well as this order, no later than noon on **January 24, 2014**. Both parties may submit simultaneous briefing on the preliminary injunction issue, not to exceed 15 pages, on or before **January 29, 2014**.

　　　The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb